IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:25-cv-00368-MR

| | |
|---|---|
| HENRY WALKER, ) </br> ) </br> Petitioner, ) </br> ) </br> vs. ) </br> ) </br> LESLIE COOLEY DISMUKES,[1] ) </br> Secretary of the North Carolina ) </br> Department of Adult Correction, ) </br> ) </br> Respondent. ) </br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by Henry Walker (herein "Petitioner") on June 2, 2025. [Doc. 1]. Also before the Court are the Petitioner's Motion to Proceed *in Forma Pauperis* [Doc. 2], and Motion to Compel Release of Information. [Doc. 5].

**I.    PROCEDURAL BACKGROUND**

Petitioner is a prisoner of the State of North Carolina. The Petitioner is serving a consolidated sentence of 238 to 298 months of incarceration

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. North Carolina law mandates that the Secretary of the North Carolina Department of Adult Correction (NCDAC) is the custodian of all state inmates. N.C. Gen. Stat. § 148-4 (2023). Accordingly, Leslie Cooley Dismukes, the current Secretary of the NCDAC, is the proper Respondent in this action.

imposed by the Anson County Superior Court following a jury trial and his convictions for attempted first degree murder, robbery with a dangerous weapon, assault with a deadly weapon with intent to kill inflicting serious bodily injury, and possession of a firearm by a felon. [Doc. 1 at 12]. The Petitioner appealed to the North Carolina Court of Appeals which affirmed his convictions and sentence. State v. Walker, No. COA23-681 (N.C. App. Mar. 19, 2024) (unpublished); [Doc. 1-1 at pp. 12-25]. Petitioner sought further direct review in the North Carolina Supreme Court which denied his petition for discretionary review on May 21, 2024. State v. Walker, No. 84P24 (N.C. 2024) (Docket Sheet); [Doc. 1-1 at 11]. The Petitioner did not seek further direct review in the U.S. Supreme Court or file for any post-conviction collateral relief in state court. [Doc. 1 at 14]. Petitioner filed his federal habeas action in this Court on June 2, 2025. [Doc. 1].

## II.  FACTUAL BACKGROUND

The facts surrounding the Petitioner's convictions were summarized by the North Carolina Court of Appeals as follows:

> In June 2021, [Petitioner] pawned two chains to 74-year-old Henry Colson. A few weeks later, on 13 July 2021, [Petitioner] called Colson several times asking for the return of the chains. Colson and a girlfriend were traveling back from the beach; when they arrived at Colson's Wadesboro home, [Petitioner] was waiting. As Colson's girlfriend slept in his truck, [Petitioner] followed Colson into the house demanding the return of the chains. Colson started toward his bedroom to get the chains:

2

> "[W]hen I got to the door, [Petitioner] shot me. When he shot me, I tried to close the door on him, and that's when he shot through the door again and he pushed it. And I grabbed the gun [and we] struggl[ed] with the gun." [Petitioner] shot Colson twice in the back with a 9-millimeter handgun. While Colson was on his knees, seriously injured, [Petitioner] emptied Colson's pockets. [Petitioner] took Colson's wallet, watch, and $1,500.00 in cash and fled from the scene.
>
> As Colson crawled to the front porch to summon help, someone called the police. Medics arrived and transported Colson to the airport, from which he was airlifted to Carolinas Medical Center in Charlotte. Colson underwent multiple surgeries, was hospitalized for two months, and suffered permanent injuries including a bullet that remains lodged behind his lungs.

Walker, No. COA23-681, slip op. at pp. 2-3.

In his direct appeal, the Petitioner raised two issues for review: "[Petitioner] argues that the trial court erred 1) by allowing [Petitioner] to represent himself at trial without first conducting the colloquy required under N.C. Gen. Stat. § 15A-1242; and 2) by failing to declare a mistrial *sua sponte* after the victim referred, during cross-examination, to an online reference that [Petitioner] had previously robbed a bank." Walker, No. COA23-681, slip op. at pp.1-2. "After careful review," the state appellate court concluded that the Petitioner "received a fair trial, free from error." Id. at 2.

### III. STANDARD OF REVIEW

In accordance with the Rules Governing Section 2254 Cases in the United States District Courts, the Court has reviewed the petition. Rule 4,

3

28 U.S.C.A. foll. §2254. Rule 4 further directs the district court to dismiss a habeas petition when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Id.; Wolfe v. Johnson, 565 F.3d 140 (4th Cir. 2009).

In reviewing Petitioner's claims, the Court must consider the requirements governing petitions for habeas corpus under 28 U.S.C. § 2254(d) of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). That section of the AEDPA applies to "a person in custody under a state-court judgment who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States." Rule 1(a)(1), 28 U.S.C. foll. § 2254. A federal court may not grant § 2254 relief as to any claim "adjudicated on the merits" in state court unless the state court's adjudication of such claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. § 2254(d).

A state court's decision constitutes an unreasonable application of clearly established federal law under § 2254(d)(1) when the state court

correctly identifies the "governing legal principle . . . but unreasonably applies that principle to the facts of the . . . case." Barnes v. Joyner, 751 F.3d 229, 238 (4th Cir. 2014) (citation omitted). To find an "unreasonable application of federal law" requires a "substantially higher threshold" to overcome. Schiro v. Landrigan, 550 U.S. 465, 473 (2007). In making this assessment, the habeas court looks "to whether the state court's application of law was objectively unreasonable and not simply whether the state court applied the law incorrectly." Barnes, 751 F.3d at 238-39 (citation omitted).

For a state court's factual determination to be held unreasonable under § 2254(d)(2), "[the determination] must be more than merely incorrect or erroneous." Williams v. Stirling, 914 F.3d 302, 312 (4th Cir. 2019) (citation omitted). The state court's finding must be "sufficiently against the weight of the evidence that it is objectively unreasonable." Id. (citation omitted). The AEDPA also provides that "a determination of a factual issue made by a State court shall be presumed to be correct" absent "clear and convincing evidence" to the contrary. 28 U.S.C. § 2254(e)(1). These provisions of the AEDPA, "operating in tandem," require that a petitioner seeking relief under § 2254(d)(2) establish that the state court's factual finding was "incorrect by clear and convincing evidence, and that the corresponding factual determination was objectively unreasonable in light of the record before the

5

court." Merzbacher v. Shearin, 706 F.3d 356, 364 (4th Cir. 2013) (quoting Miller-El v. Cockrell, 537 U.S. 322, 348 (2003) (internal quotation marks omitted)).

In sum, a federal court "shall not" grant a writ of habeas corpus unless the earlier decision took an "unreasonable" view of the facts or law. 28 U.S.C. § 2254(d). By design, this "standard is difficult to meet." Harrington v. Richter, 562 U.S. 86, 102 (2011). The term "unreasonable" refers not to "ordinary error," plain error, or even to circumstances where the petitioner offers "a strong case for relief," but rather to "extreme malfunctions in the state criminal justice syste[m]." Id. (internal citation omitted). The critical question is whether the state court "managed to blunder so badly that every fairminded jurist would disagree" with its outcome. Mays v. Hines, 141 S. Ct. 1145, 1149 (2021).

## IV. DISCUSSION

The Petitioner raises the same two arguments in his § 2254 petition[2] as he raised before the state appellate courts on direct review. More

---

[2] While Petitioner has alleged four Grounds for relief in his petition, Ground One presents the same claim that the state trial court erred by allowing Petitioner to represent himself at trial without first conducting the colloquy required under N.C. Gen. Stat. § 15A-1242. [Doc. 1 at pp. 7-8; 16]. Grounds Two, Three, and Four, collectively, present the same claim that the state trial court erred by failing to declare a mistrial *sua sponte* after the victim referred, during cross-examination, to an online reference that Petitioner had previously robbed a bank. [Id. at pp.8-9; 18-21].

6

importantly, however, in this matter Petitioner contends only that the North Carolina courts erroneously interpreted North Carolina law. With regard to Petitioner's first claim that the state trial court should have denied his request to represent himself at trial, Petitioner invokes only North Carolina precedent. "The execution of a written waiver is no substitute for compliance by the trial court with the statute, (a) written waiver is 'something in addition to the requirements of N.C. Gen. State. § 15A-1242, not … an alternative to it.' State v. Evans, 153 N.C. App. 313, 315, 569 S.E.2d 673, 675 [2007]." [Doc. 1 at 7]. The state appellate court thoroughly addressed this claim on state law grounds and concluded, reasonably so, that "the trial court did not err by allowing [Petitioner] to proceed *pro se*." Walker, No. COA23-681, slip op. at pp. 5-10 (internal citation omitted).

Next, putting aside the fact that Petitioner invited the second error about which he complains – that the victim, on cross examination, referenced Petitioner had previously robbed a bank – Petitioner asserts only a state law violation here as well. "Petitioner relies heavily on the court's decision in State v. Aycoth, 270 N.C. 270, 272, 154 S.E.2d 59, 60 [1967], in which the petitioner objected and requested mistrial and the court found that a statement that the petitioner had been indicted for murder was of such serious nature that the prejudicial effect could not be overcome by the court's

instruction." [Doc. 1 at 9]. Petitioner, thus, has argued no deprivation of any *federal rights* in either claim put forth in this habeas action.

A state inmate may invoke federal habeas jurisdiction only if he can establish that he is a person convicted under a state-court judgment and that he is in "custody in violation of the Constitution, laws, or treaties of the United States." 28 U.S.C. § 2254. The Supreme Court has made clear that a federal habeas court will not review any claim that concerns how a state court construes or applies its own statutory law and precedents.

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L.Ed.2d 606 (1990); see also Pulley v. Harris, 465 U.S. 37, 41, 104 S. Ct. 871, 874–75, 79 L.Ed.2d 29 (1984). Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

Estelle v. McGuire, 502 U.S. 62, 63 (1991).

The Petitioner alleges no federal law violations anywhere in his § 2254 petition. And for good reason – Petitioner did not assert, and the North Carolina Court of Appeals never so much as mentioned, any federal constitutional, statutory, or case law violations in its decision affirming the trial court's rulings in Petitioner's case. Despite Petitioner's unsuccessful litigation of his state-law claims in his direct appeal, he cannot seek review

8

Case 3:25-cv-00368-MR   Document 8   Filed 03/02/26   Page 8 of 12

of them in this habeas action. As such, Petitioner's claims as asserted herein are without merit.

## IV. CONCLUSION

All of Petitioner's asserted Grounds for relief are claims that were adjudicated on the merits in the courts of North Carolina and the state courts' adjudication of those claims resulted in decisions construing only North Carolina law. Hence, the state courts' adjudication of Petitioner's claims did not and could not result in any decision that was contrary to, or even involved the application of, clearly established federal law, as determined by the Supreme Court of the United States. Further, because Petitioner has tendered no evidence to challenge any material facts underlying his state judgment, the state courts' adjudication of Petitioner's claims did not result in any decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state trial court proceedings. For these reasons, the Petitioner is not entitled to relief under his § 2254 Petition for Writ of Habeas Corpus and the same should be denied and dismissed.

Based on Petitioner's declaration and application to proceed without prepayment of fees [Doc. 2], the Court is satisfied that Petitioner is indeed indigent and should be allowed to proceed *in forma pauperis*. The Court will grant Petitioner's IFP motion.

Finally, Petitioner has filed a motion seeking to require the custodian of the victim's medical records to furnish him said documents so that he may contest the number of times the victim was shot. [Doc. 5 at pp. 1-2]. Petitioner, however, makes no assertion that some person other than himself accosted the victim, and the jury reasonably concluded from the evidence before it that Petitioner was indeed the lone gunman. As the uncontested sole assailant, the number of times Petitioner shot the victim has no bearing upon either claim Petitioner brought in state court, or more importantly, sought to bring before this Court. To the extent Petitioner now seeks to raise a <u>Brady</u>[3] claim based upon his unsupported allegations that the state prosecutor unlawfully suppressed the victim's medical records, any such claim is unexhausted, procedurally defaulted, and subject to summary dismissal. Accordingly, the Court will deny Petitioner's Motion to Compel.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding

---

[3] <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**O R D E R**

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DENIED** and **DISMISSED**;

2. The Petitioner's Motion to Proceed *in Forma Pauperis* [Doc. 2] is **GRANTED**;

3. The Petitioner's Motion to Compel Release of Information [Doc. 5] is **DENIED**;

4. The Court **DECLINES** to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases;

5. The Clerk of Court is respectfully directed to correct the Docket to show Leslie Cooley Dismukes, the current Secretary of the North Carolina Department of Adult Correction, as the proper Respondent in this action; and

6. The Clerk of Court is respectfully directed to close this case.

**IT IS SO ORDERED.**

Signed: March 2, 2026

Martin Reidinger
Chief United States District Judge